UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RAYMOND MCCOWAN, | No. 2:21-cv-00369-JAM-CKD P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| L. MCKEOWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

**I.      Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.      Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the

California Medical Facility.  On March 1, 2018, plaintiff was attacked by another inmate.  In plaintiff's first two causes of action, he alleges that defendants McKeown, Stephens, and Merrell deliberately pepper sprayed him in the face even though he was being choked from behind by another inmate.  In contrast, plaintiff states that defendant Lampl was able to properly aim and deploy her pepper spray only at the inmate who had attacked him.  Plaintiff contends that the use of pepper spray on him rather than his attacker by defendants McKeown, Stephens, and Merrell was done maliciously and sadistically and constituted excessive force in violation of the Eighth Amendment.  In subsequent medical and incident reports regarding this event, plaintiff contends that defendants McKeown, Stephens, Merrell, Lacebal, Lampl, Huntley, Fox, and Cueva made false statements to cover up the use of excessive force against him.

As a result of being pepper sprayed, plaintiff slipped and injured his left knee which ultimately required surgery to repair.  On March 1, 2018, plaintiff requested immediate medical care for his injuries.  He was first examined by defendants Parreno and Saeyang, both of whom were registered nurses.  According to plaintiff, defendants Parreno and Saeyang refused to provide him with an ice pack to reduce the swelling in his knee or to allow him to be seen by the doctor on the same day of his injury.  Instead, plaintiff was referred to his primary care physician, Dr. Ota, for an appointment the next day.  Without personally examining plaintiff, defendant Ota ordered an immediate x-ray of plaintiff's left knee on March 2, 2018.  After the x-ray was conducted, defendant Ota ordered plaintiff crutches to use.  However, plaintiff refused the crutches and requested a knee brace, cane, wheelchair, or walker which were all denied by defendant Harris.  Following an MRI of his knee at the end of March 2018, plaintiff was scheduled for surgery at San Joaquin General Hospital.  In the last lines of his third claim for relief, plaintiff makes very vague allegations against a number of medical professionals at private medical facilities as well as CDCR officials concerning his ongoing medical issues related to his left knee injury.  However, none of these general allegations are linked to specific conduct by any named defendant.

By way of relief, plaintiff seeks compensatory and punitive damages against defendants.
/////

### III. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth

Amendment. Whitley, 475 U.S. at 327.

**C. Deliberate Indifference**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does

5

a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

**IV. Analysis**

After conducting the required screening, the court finds that plaintiff may proceed on the Eighth Amendment excessive force claims against defendants McKeown, Stephens, and Merrell. The court does not construe plaintiff's complaint as containing an Eighth Amendment excessive force claim against defendant Lampl since this officer was alleged to have pepper sprayed another inmate and not plaintiff. The complaint does not allege a cognizable claim against defendants McKeown, Stephens, Merrell, Lacebal, Lampl, Huntley, Fox or Cueva for writing false medical or incident reports about plaintiff because there is no allegation that they were written in retaliation for plaintiff's prior grievances or other protected conduct. Accordingly, plaintiff fails to state a cognizable claim against these defendants based on the issuance of false reports. These claims are dismissed with leave to amend. With respect to the medical claims against defendants Parreno, Saeyang, McAllister, Harris, Ota, Bick, Ikebu, and Austin, the court finds the allegations in the complaint do not rise to the level of deliberate indifference in violation of the Eighth Amendment. The allegations in the complaint describe either mere negligence or a difference of opinion about the proper course of treatment. Neither amounts to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). For all these reasons, the Eighth Amendment deliberate indifference claims against these defendants are dismissed with leave to amend.

Plaintiff may elect to proceed immediately on the Eighth Amendment excessive force claims against defendants McKeown, Stephens, and Merrell; or, in the alternative, plaintiff may

elect to amend his complaint to attempt to cure the deficiencies with respect to the remaining claims.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff chooses to proceed on the excessive force claim found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the additional claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment excessive force claims found cognizable against defendants McKeown, Stephens, and Merrell; or, (2) amend the complaint to fix the problems identified in this order with respect to the remaining

claims.  **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the Eighth Amendment excessive force claims found cognizable in this screening order and will recommend dismissing the remaining claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. ) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff has the option to proceed immediately on the Eighth Amendment excessive force claims against defendants McKeown, Stephens, and Merrell. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims.
4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.
5. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claim identified above.

Dated: July 1, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcc0369.option.docx

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MCCOWAN,<br><br>    Plaintiff,<br><br>v.<br><br>L. MCKEOWN, et al.,<br><br>    Defendants. | No. 2:21-cv-00369-JAM-CKD<br><br><br><u>NOTICE OF ELECTION</u> |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claims against defendants McKeown, Stephens, and Merrell.  Plaintiff voluntarily dismisses the remaining claims.

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.


DATED:


                                                                         _____
                                                                           Plaintiff