UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MCCOWAN,<br><br>    Plaintiff,<br><br>  v.<br><br>L. MCKEOWN, et al.,<br><br>    Defendants. | No. 2:21-cv-00369-DAD-CKD P<br><br><br>ORDER |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's motion for sanctions as well as a motion to quash his deposition. ECF Nos. 57, 60. Defendants have filed an opposition to each motion. ECF Nos. 58, 61. For the reasons explained below, the court denies plaintiff's motions.

**I. Procedural History**

  This case is proceeding on plaintiff's second amended complaint alleging the use of excessive force by defendants McKeown and Stephens-Merrell and deliberate indifference by defendants McAllister, Ota, and Harris, all in violation of the Eighth Amendment. See ECF No. 40 (Order adopting Findings and Recommendations). Following two unsuccessful settlement conferences, the court issued a Discovery and Scheduling Order on September 11, 2023. See ECF Nos. 49, 52, 56. The discovery cut-off in this case was January 16, 2024, and the dispositive

motions deadline was extended to June 14, 2024. ECF Nos. 56, 63.

## II. Plaintiff's Motion for Sanctions

Plaintiff seeks sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure based on the destruction of evidence in his central prison file by staff at California State Prison-Los Angeles County who are not defendants in this case. ECF No. 57 at 5. The motion is also based on a breach of plaintiff's confidential legal call during the initial settlement conference on June 28, 2023.

In opposition to this motion, defendants indicate that the initial settlement conference was continued to a different date after plaintiff informed the magistrate judge of his privacy concerns. ECF No. 58. The subsequent settlement conference was conducted in a different location in the prison in which plaintiff did not indicate any concerns with his privacy. Therefore, "nothing Plaintiff claims about his privacy rights being violated is relevant, material, or a basis for sanctions." ECF No. 58 at 2. Moreover, Rule 37 provides a basis for sanctions based on disclosures and discovery violations and not settlement conference proceedings. Therefore, defendants assert that the motion is procedurally improper. Regarding the documents in plaintiff's central file, defendants point out that plaintiff never mentions what specific records are missing or how they are relevant to the present lawsuit. Additionally, neither defendants nor defense counsel should be sanctioned because they were not involved in plaintiff's review of his central prison file at CSP-LAC.

## III. Plaintiff's Motion to Quash Deposition

On December 8, 2023, plaintiff filed a motion to quash his deposition by defendants in this case because the court had not yet ruled on his motion for sanctions. ECF No. 60. This motion also refers to evidence missing from plaintiff's central prison file, without identifying what this evidence is. Plaintiff indicates that he would be at a disadvantage during his deposition without this evidence.

Defendants filed an opposition to this motion indicating that "Plaintiff's two-paragraph motion to quash presents no supporting authority, no explanation of how Plaintiff being 'disadvantaged' is a basis to quash his deposition, and no argument whatsoever." ECF No. 61 at

2.

In a subsequently filed motion for an extension of time to file dispositive motions, defendants indicate that plaintiff was deposed on January 12, 2024.  ECF No. 62 at 4.

**IV.     Analysis**

The court denies plaintiff's motion for sanctions as there is no factual or legal basis justifying sanctions in this case.  To the extent that the motion is based on plaintiff's privacy concerns during the initial settlement conference, the court did not proceed to discuss the case. ECF No. 49.  It allowed plaintiff to reschedule the settlement conference to accommodate his privacy concerns.  ECF No. 49.  The purported missing documents from plaintiff's central file did not involve the defendants in this case, who are employed at the California Medical Facility. Plaintiff does not provide any evidence that defendants were involved, only his rank speculation. Moreover, as defendants point out, Rule 37 of the Federal Rules of Civil Procedure does not provide a basis to impose sanctions for conduct occurring during a settlement conference. Therefore, plaintiff's motion for sanctions is procedurally improper.  For all these reasons, the motion is denied.

In light of the denial of the motion for sanctions, plaintiff's motion to quash his deposition is also denied.  Additionally, the court notes that the motion to quash was mooted by plaintiff's decision to participate in his own deposition on January 12, 2024.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 57) is denied as factually and legally unsupported.
2. Plaintiff's motion to quash his deposition (ECF No. 60) is denied.

Dated:  April 24, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcco0369.m2quash+sanctions